IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEONARD HARRIS,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DAVID BLUMBERG,<br><br>　　Defendant. | Civil Action No.:  MJM-25-2470<br>(Related Case: TDC-21-1983) |

**MEMORANDUM ORDER**

On July 28, 2025, the above-captioned civil rights complaint was filed together with Motions to Proceed in Forma Pauperis and to Seal, which the Court now grants.  ECF Nos. 2 and 3.  For the reasons that follow, the complaint must be dismissed.

Plaintiff Leonard Harris is suing defendant David Blumberg because when Harris filed suit against Blumberg as the Chairman of Maryland Parole Commission in *Harris v. Ross, et al.*, Civ. Action No. TDC-21-1983 (D. Md. 2021) (hereinafter, "*Harris I*"), Blumberg submitted an affidavit that included as an attachment a document titled "Risk Assessment," which was filed under seal. ECF No. 1 at 4, ¶ 15.  Harris states that the Risk Assessment contained "detailed references to expunged criminal charges, dismissed allegations, and jurisdictionally barred information, including matters from outside the State of Maryland."  *Id*. at ¶ 16.  According to Harris, those references "had been previously ordered expunged pursuant to Maryland law. . . and were no longer legally admissible or available for any official use or reference."  *Id*.

Harris further complains that Blumberg certified the Risk Assessment and other attachments as true and accurate copies of records kept in the ordinary course of business of the Maryland Parole Commission.  ECF No. 1 at 5, ¶ 17.  He states that he was not "notified of the

existence or intended use of the Risk Assessment" and was not "granted an opportunity to inspect, challenge, or redact the contents before its submission under seal." *Id*. at ¶ 19. This lack of notification, according to Harris, "led to the improper dismissal of [his] claims without discovery." *Id*. As relief, Harris seeks compensatory and punitive damages; declaratory judgment that submission of expunged records violated his constitutional and statutory rights; and costs of this action. *Id*. at 8.

As noted, Harris filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Underlying the instant complaint is Harris's disgruntlement with the outcome of *Harris I*. His assertion that his claims were "improperly" dismissed without discovery is incorrect. Even a

cursory reading of the 23-page dispositive decision issued by the Court in that case reveals that summary judgment was granted in favor of the defendants and against Harris because his claims were without merit. *See Harris I* at ECF No. 46. In that lawsuit, Harris raised the following claims:

> First, Harris alleges claims against Agent Ross and other DPSCS officials under 42 U.S.C. § 1983 for violating Harris's constitutional rights by subjecting him to "unconstitutional parole conditions" enforced in an unconstitutionally arbitrary or discriminatory manner, including making false statements in the affidavit for an arrest warrant, in violation of the Fourteenth Amendment rights to due process of law and equal protection of the law. Second, he alleges that Agent Ross retaliated against him for contacting Agent Ross's supervisor to complain about Agent Ross's actions, in violation of the First Amendment. Third, he asserts that Blumberg and Friday violated his rights under the Eighth Amendment based on unconstitutional conditions of confinement during his six weeks of detention at JCI. Fourth, he alleges that Defendants' conduct violated 42 U.S.C. § 1981 and constituted a conspiracy to deprive him of his federal rights, in violation of 42 U.S.C. § 1985. Finally, he alleges that multiple Defendants engaged in false imprisonment, wrongful arrest, and malicious prosecution by detaining Harris without a valid warrant and pursuing the revocation hearing.

*Id*. at 14. With regard to Harris's first claim regarding unconstitutional parole conditions, this Court found that the record clearly showed that Harris received the required procedures at his parole revocation hearing that resulted in the termination of his case without additional incarceration. *Id*. As to imposition of COMET supervision as a special condition of probation, this Court rejected Harris's argument that this change violated his due process rights even though he was not convicted of a sex crime because the Maryland Court of Special Appeals (now the Appellate Court of Maryland) has upheld imposition of that requirement where the offense of conviction reflected that the crime was sexual in nature. *Id*. at 15. Judicial review is unnecessary for imposition of such conditions as "an inmate's mandatory supervision release is 'broad by design' and lies within the discretion of the Maryland Parole Commission." *Id*. (quoting *Maddox*

3

*v. Parole Comm'n of Md.*, No. 1222, 2022 WL 2693109, at *3 (Md. Ct. Spec. App. July 12, 2022)); *see also* Md. Code Ann. Corr. Servs § 7-502(b); Md. Code Regs. 12.08.01.21.E (2022).  The Court further found that the arrest warrant issued for Harris's failure to report was properly issued and was not, as Harris alleged, based on false statements.  *Id*. at 15–16.  To the extent that Harris was raising a substantive due process claim, this Court found that such a claim failed with regard to Parole Agent Ross because placement of Harris on COMET supervision after a 10-year period of general supervision due to a mistake does not amount to governmental conduct that is so abusive or arbitrary that it shocks the conscience.  *Id*. at 16.  Lastly, Harris's equal protection claim failed as he provided no facts to support differential treatment necessary to support such a claim.

Harris's retaliation claim was rejected by this Court because "the conduct that was allegedly retaliatory, the changes to reporting schedules, do not rise to the level of conduct adversely affecting First Amendment rights, and, as discussed above, the imposition of COMET supervision was valid." *Harris I*, ECF No. 46 at 17.  Further, the arrest warrant "was valid because there is no basis to dispute that Harris failed to report after July 20, 2020 and did not return the polygraph referral forms." *Id*.  The Court concluded that "Harris therefore cannot establish that the issuance of the warrant was retaliatory." *Id*. at 17-18.

Harris's claim against Commissioner Blumberg in *Harris I* concerned his "uncorroborated claim that he, a parolee subject to revocation for failing to comply with conditions, was subjected to solitary confinement under draconian conditions." *Id*. at 19.  The claim was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Harris did not provide any allegations or facts that demonstrated Blumberg had any knowledge of the alleged conditions or that he was aware he had been placed in such conditions, or further that Harris had suffered any actual injury as a result of the conditions. *Id*.

The Court also dismissed Harris's claims under 42 U.S.C. §§ 1981 and 1985 because he failed to make any plausible allegations that his treatment was the result of discrimination based on his race or some other protected class of which he was a member. *Id*. at 20. Harris's claim for false imprisonment and malicious prosecution were also dismissed based on the fact that the warrant for Harris's arrest was supported by probable cause: his failure to report as required during and after July 2020. *Id*. at 21. Thus, because his arrest was based on a valid warrant, his arrest was legally justified, and his claim for false imprisonment failed. *Id*. at 21–22. The malicious prosecution claim failed because one element of that cause of action is that the proceedings against the plaintiff terminated in his favor. *Id*. at 22. Here, the Parole Commissioner found that Harris violated the reporting requirement of his mandatory supervision conditions; thus, his malicious prosecution claim could not be sustained. *Id*. Importantly, Harris did not request discovery or raise any of the concerns raised in the instant complaint regarding the content of the Risk Assessment attached to Blumberg's affidavit in *Harris I*. *Id*. at 11-12. Additionally, as noted, nowhere in the Court's prior opinion is the Risk Assessment relied on to determine that Harris's claims are without merit.[1]

To the extent that Harris is attempting to resurrect the claims asserted in *Harris I*, he may not do so by filing what seems to be a different yet related civil action that requires discussion and assessment of the prior case and the issues involved in it. Although Harris complains that he was not given notice that the expunged material was going to be filed in *Harris I* before it was filed, he was aware that it was filed at the time it was filed in that case and was perfectly capable of raising this claim in the context of that case. This is what amounts to "claim splitting." "The rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal and requires that

---

[1] Harris filed an appeal of the Court's decision to the Fourth Circuit Court of Appeals, and the decision was affirmed. *Harris v. Ross*, No. 23-6433 (4th Cir. Aug. 29, 2024) (per curiam unpublished).

all claims arising out of a single wrong be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.,* 273 Fed. Appx. 256, 265 (4th Cir. 2008)).

For the foregoing reasons, the complaint must be dismissed for failure to state a claim.

Accordingly, it is this __15th__ day of August, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;
2. The Motion to Seal (ECF No. 3) IS GRANTED;
3. The complaint IS DISMISSED for failure to state a claim;
4. The Clerk SHALL PROVIDE a copy of this Memorandum Order to Plaintiff; and
5. The Clerk SHALL CLOSE this case.

_____
Matthew J. Maddox
United States District Judge

6